STEPHEN LONGFELLOW & *al. versus* ELIZABETH PATRICK, *Adm'x.*

The *estate*, as the word is used in the Stat. 1838, c. 322, "to be absorbed, or used up, in paying the bills of last sickness of such deceased person and the funeral expenses, and the allowance made to the widow by the Judge of Probate," is such estate only as is included in the inventory; and does not embrace rights or credits accidentally or designedly omitted in taking the inventory.

That statute is not unconstitutional.

THE action was debt against the defendant, as administratrix of the estate of David Patrick, deceased, intestate, upon a judgment recovered by the plaintiffs against the intestate in his lifetime.

With the general issue, the defendant, by brief statement, pleaded, that the amount of the estate of the intestate, coming to her hands as administratrix, was absorbed and used up in paying the bills of last sickness of the intestate, his funeral expenses, and the allowance made to the widow, and expenses of administration. The plaintiffs replied, by counter brief statement, that the estate was not insolvent, but that one Olive Grant was largely indebted to the intestate at the time of his decease, to wit, to the amount of thirteen hundred dollars or more, which the defendant did not inventory; and that a suit was pending thereon at the time of the death of the intestate, which the defendant was requested to prosecute, but refused, and abandoned the same, and so wasted the estate.

At the trial, it appeared by the proceedings in the Probate Court, that the defendant had accounted for the full amount of the inventory, and that her administration account was balanced by the allowance of the amount of the expenses of the last sickness, and of the funeral, the expenses of administration, and the allowance to the widow. The last account of administration was settled in 1839.

The plaintiffs then offered to prove, that when the intestate died, there was " a large amount of rights and credits belonging to said estate, which came to the defendant's knowledge, and which she neglected and refused to inventory, or account for, and has never inventoried or accounted for." This testimony was rejected by the presiding Judge; and a nonsuit was then entered by consent of the parties, which was to be set aside, and a new trial granted, if this testimony was illegally rejected.

*Longfellow & Son,* pro se, contended that the defendant could not protect herself under the Stat. 1838, c. 322. That statute was intended to apply to those cases only, where the administrator has inventoried and accounted for all the goods and estate, rights and credits of the intestate. Then, if all the estate has been applied in the manner it would be in case of insolvency, the law will not require the expense of insolvency to be incurred. But it cannot apply to those cases,

where all the goods, estate, rights and credits have not been inventoried and accounted for. *Patrick* v. *Grant,* 14 Maine R. 233; *Colman* v. *Hall,* 12 Mass. R. 573; Rev. Stat. c. 106, § 22, and c. 109, § 3; *Swett* v. *Patrick,* 2 Fairf. 179, and 3 Fairf. 9. This is the only remedy the plaintiffs could have.

*E. Hayes,* for the defendant, contended that this case came within the express terms of the Stat. 1838, c. 322. There was no necessity of a representation of insolvency under the circumstances. The proceedings furnish a complete bar to this suit against the administratrix. It was not competent for the plaintiffs to show in this summary method, that the intestate left property not inventoried, and thus sustain an action against the administratrix. Had there been any ground to have charged the defendant with a fraudulent omission in the inventory, or with waste or maladministration, the remedy of the plaintiffs was in the Probate Court, or upon her bond as administratrix. 15 Mass. R. 266; 6 Pick. 333; 7 Pick. 250; 15 Mass. R. 148 and 491.

The opinion of the Court was drawn up by

SHEPLEY J.— The plaintiffs are judgment creditors of the defendant's intestate. The defendant exhibited evidence, that she had returned an inventory of the estate; that she had obtained an allowance to herself as his widow; that she had settled an account in the Court of Probate; and that the whole amount of the estate contained in the inventory had been applied to the payment of the expenses of the funeral and last sickness, and to pay her allowance and expenses of administration.

The plaintiffs offered to prove, that she had not made a full and perfect inventory of the estate. That certain valuable rights and credits were wilfully omitted.

The statute relied upon in defence provided, that when the amount of the estate shall be absorbed or used up in the payment of such expenses and of the allowance to the widow, "it shall not be necessary to represent such estate insolvent; and

if the estate be thus settled, the administrator shall be wholly discharged from all claims, which the creditors of the deceased might otherwise have had against such estate, any law or usage to the contrary notwithstanding."

The documents produced by the defendant bring her case within the language 'of the act of March 15, 1838, c. 322, unless the word estate can be considered as including all the property, rights, and credits, of the intestate, and not that portion only, which was included in the inventory. That the word estate as there used had reference to the estate represented by the inventory will be apparent from several considerations. If it were not so, a faithful administrator by the omission to include any property or credit in the inventory, because he had no knowledge of its existence, would, by a settlement of an estate as provided in the act, be subjected to a suit, when the first knowledge of such omission might be presented to him at the trial. He might thus be subjected to loss, when the statutes providing for the settlement of estates contemplate, that he should have opportunity to correct such an omission without suffering any injury. By the estate as inventoried alone could such an administrator be guided in coming to a conclusion, whether it would be necessary for his protection to render the estate insolvent. And by that only could the Court of Probate be guided in the appointment of commissioners, and in the discharge of all its other duties, except when called upon to act in relation to some estate said to be omitted in the inventory. A similar provision is found in the Revised Statutes, where the word funds is used instead of the word estate, c. 109, § 4, by which the protection is made effectual in such cases, if the funds derived from the estate as inventoried, and acknowledged by the administrator, have been thus exhausted. If this must be the construction of the statute as applicable to an administrator, who had faithfully executed his trust, it will not admit of a different construction upon proof of unfaithfulness. It is not usual to find any such distinction in the construction or application of statutes designed upon the performance of certain acts for the protection of

persons against suits. The protection is made effectual for all coming within the description irrespective of any moral considerations; and some other remedy is provided, by which a person injured may obtain redress for an injury occasioned by unfaithfulness or fraud.

It would be necessary in this case to disregard the express provisions of the statute, to permit the suit to be maintained for the purpose of trying an issue, of a somewhat anomalous character in such a suit, to ascertain whether the administratrix had faithfully executed her trust. It is insisted that such a course of proceeding must be permitted, or a party injured by the unfaithful conduct of an administrator, in omitting to inventory all the property of the intestate, will in cases like the present be without remedy. For he cannot institute a suit upon the official bond, until he has established his debt by the judgment of a Court, or the report of commissioners of insolvency. This argument can only prove what too often happens, that one change of a statute provision requires another to be made, and yet it is not made, and thereby a remedy supposed to be continued is found to be defective or destroyed. A court of justice would not be authorized to refuse to give effect to the change actually made, if it should perceive, that such might be the result. It is not however certain, that the plaintiffs in this case are without remedy. The Court of Probate is authorized in some cases to consider those to be creditors of an insolvent estate, who have not established their debts by the judgment of a Court on the report of commissioners. And an estate, settled as in this case, must be considered as one actually insolvent, according to the provisions of the Revised Statutes, c. 109, § 29, which provides, that proof of a debt may be made before the Court of Probate, if further assets come to the hands of the administrator. If the Judge of that Court should be satisfied, that assets existed in such a case, it is not perceived that he would not be authorized to act in behalf of a creditor who, if they were obtained, would be entitled to share them, by a citation to the administrator, and by a removal of him, if necessary, that the assets might be secured and accounted for to

be applied to the payment of such as well as other debts. It appears also to have been contemplated in c. 113, § 18, of the Revised Statutes, that suits might be instituted by a Judge of Probate upon the official bond of an administrator in other cases, than those provided for in § 10, 11, and 12; that he should recover, and hold the amount recovered in trust for those interested in the penalty. And creditors, as before stated, who have not already established their debts against the estate may be interested in the future assets of an insolvent estate.

The act of March 15, 1838, cannot be considered as unconstitutional, for it acts only upon the remedy by a discharge of the administrator from all suits under certain circumstances; and leaves the contract valid and effectual against any assets, which have not come to hand and been exhausted.

*Nonsuit confirmed.*